```
01
02
03
04
05
06
07                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09   VIRGIL M. QUINN,                        )   CASE NO. C05-0468-TSZ
                                             )
10              Plaintiff,                   )
                                             )
11         v.                                )   REPORT AND RECOMMENDATION
                                             )
12   GREYHOUND BUS STATION,                  )
                                             )
13              Defendant.                   )
                                             )
14   _____
```

15     Plaintiff Virgil Quinn, proceeding *pro se*, has submitted an *in forma pauperis* application
16 and a proposed complaint. (Dkt. 1) Plaintiff's proposed complaint is directed against the
17 Greyhound Bus Station in Seattle. Plaintiff alleges that in 2000, he bought three bus tickets to
18 Portland for himself and two others, but someone "took the ticket[s] and cashed them in and the
19 ticket lady lied and said he didn't and wouldn't give me my money back." Plaintiff also alleges
20 that his suit case is stuck in the luggage department, he is being asked to pay $25.00 to get his
21 luggage out, and he already paid $65.00 for a bus ticket to Everett. As relief, plaintiff requests
22 a return of the money for the three bus tickets to Portland, his luggage, and his money for the bus
23 ticket to Everett.

24     A plaintiff may be denied leave to proceed *in forma pauperis* if it appears from the face
25 of a proposed complaint that the action is frivolous or without merit. *Tripati v. First Nat'l Bank
26 & Trust*, 821 F.2d 1368 (9th Cir. 1987). In addition, federal courts are required under 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE -1

§ 1915(2)(B) to dismiss actions that are frivolous or fail to state a claim on which relief may be granted. An action may be dismissed as frivolous where a defense is complete and obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

This Court may only hear plaintiff's action if it has jurisdiction over the subject matter of the complaint. Federal subject matter jurisdiction can be based on the existence of a federal question or diversity of citizenship between the parties where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a) and 1441(b). Based on the documents submitted, there is no basis for this Court to conclude that it has subject matter jurisdiction over plaintiff's complaint.

First, plaintiff's complaint does not present a federal question. Although plaintiff's complaint was submitted on a form used for claims under 42 U.S.C. § 1983, he has not alleged a claim that may conceivably be brought under that statute. An action under 42 U.S.C. § 1983 may be brought if the plaintiff is deprived of his federal or constitutional rights by a person who is acting under color of state law. Here, plaintiff has not alleged facts showing the deprivation of his federal or constitutional rights. The Greyhound Bus Station is also not a "person" subject to suit under this statute. In addition, private parties generally do act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). An exception to this rule may exist when there is a conspiracy between state officials and a private party. *DeGrass v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). However, plaintiff's complaint does not contain any allegations regarding such a conspiracy.

Plaintiff may be attempting to bring claims based on state law, such as conversion. However, federal courts generally may hear claims based on state law if: (1) the plaintiff and the defendant are citizens of different states; and (2) the amount in controversy is over $75,000. Because the amount in controversy alleged by plaintiff is clearly less than that $75,000, there is no basis for this Court to exercise jurisdiction over any state law claims that plaintiff may be attempting to allege.

Accordingly, because of the deficiencies in plaintiff's proposed complaint, his *in forma*

REPORT AND RECOMMENDATION
PAGE -2

01  *pauperis* application should be denied and this action dismissed without prejudice. *See* 28 U.S.C.

02  § 1915(e)(2)(B) (requiring *sua sponte* dismissal); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir.

03  1981) (permitting *sua sponte* dismissal). **If plaintiff believes that the deficiencies outlined**

04  **herein can be cured by an amendment to his Complaint, he should lodge an Amended**

05  **Complaint as a part of his objections, if any, to this Report and Recommendation.** A

06  proposed Order accompanies this Report and Recommendation.

07  DATED this  30th day of March, 2005.

08  s/ Mary Alice Theiler
United States Magistrate Judge